LAW OFFICES OF
# GILBERT, MCGINNIS & LIFERIEDGE
EMPLOYEES OF LIBERTY MUTUAL GROUP, INC.

DAWN GILBERT
RESIDENT ATTORNEY

KEVIN J. MCGINNIS
BRIAN S. LIFERIEDGE
LAURA R. EFRATI
JAMES MASTOROS
JOSE M. GOMEZ
JOSEFINA BELMONTE
LAURENT CHEVALIER
DAVID LO

THOMAS HERBERTSON
PERRY KONG
ANITA AJIBOYE
EDWIN TRUONG
CHOBIAN ALTAMIRANO
NICHOLAS GIORDANO
CHRISTOPHER NAHAS
RAMZY DAWOUD
MARK S. LABE

**MAILING ADDRESS**
P.O. BOX 6835
SCRANTON, PENNSYLVANIA 18505-6840

**PHYSICAL ADDRESS FOR DELIVERIES ONLY**
ADL -LIBERTY MUTUAL GROUP
455 TARRYTOWN ROAD, NO. 1183
WHITE PLAINS, NEW YORK 10607

**VIRTUAL OFFICE ONLY**
TELEPHONE: (212) 487-9701   FACSIMILE: (603) 430-1946
SERVICE OF PLEADINGS: CORREIAKINGMAIL@LIBERTYMUTUAL.COM

July 20, 2022

Magistrate Judge Gabriel W. Gorenstein
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**MEMORANDUM ENDORSED**

Re:   Reid v. Re-Steel Supply Company, Inc.
      Docket Number: 1:21-cv-06991

Dear Judge Gorenstein:

This firm represents the defendants, Re-Steel Supply Company, Inc. and Eric Smith, in the above referenced matter. Please let this serve as our letter motion seeking to have the Court approve and So-Order the attached *subpoena duces tecum* to obtain the plaintiff's employment records.

Our office has attempted repeatedly to obtain the employment records from The City College of New York since early this year from Human Resources. Although, they had assured us that they were working on the request, we did not receive these records. We then left a voicemail message for the legal department to return our call to discuss the matter. On July 12, 2022, we received the attached correspondence indicating that the request would not be honored unless a So-Ordered *subpoena duces tecum* is provided.

**Please be advised this office is now a paperless environment**
As such, we will communicate via e-mail and/or e-fax. Please contact this office immediately to provide your preferred E-mail address for all future communications.  Please forward all future correspondence, including discovery requests, discovery responses, motions, etc. to correiakingmail@libertymutual.com or via e-fax: (603) 430-1946. **We will still require Original Authorizations via regular mail.**

Respectfully submitted,

*Josefina Belmonte*

Josefina Belmonte

JB/jb
cc: **VIA ECF**
    Ikhilov & Associates
    2357 Coney Island Avenue
    Brooklyn, New York 11223-5001
    Attention: Theodore Rothman, Esq.
    Email: theodore@eiesq.com

Application granted.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

July, 21 2022

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| James Reid<br>*Plaintiff*<br>v.<br>Eric Smith and Re-Steel Supply Company, Inc.<br>*Defendant* | ) ) ) ) ) ) ) Civil Action No. 1:21-cv-06991(VSB) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: CITY COLLEGE OF NEW YORK
160 Convent Ave. New York, NY 10031

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Complete copy of James Reed's employment file, including but not limited to W-2 forms 4 2019 to last date of employment at the college or to present, documentation regarding Mr. Reed's leave, union benefits, rate of pay including night differential and overtime pay, Salary increases, *See attached continuation sheet*

| Place: Gilbert, McGinnis, & Liferiedge<br>10 Bank St., Suite 1200<br>White Plains, NY 10606, Attn: Josefina A. Belmonte, | Date and Time:<br>08/22/2022 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/18/2022

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

SO ORDERED.

*/s/ Gabriel W. Gorenstein*
GABRIEL W. GORENSTEIN
United States Magistrate Judge
July 21, 2022

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Eric Smith and Re-Steel Supply Company, Inc. , who issues or requests this subpoena, are:

Josefina A. Belmonte, Esq., Gilbert, McGinnis & Liferiedge 10 Bank St., Suite 1200, White Plains, NY 10606
josefinaabelmonte@libertymutual.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

fringe benefits, medical records submitted in connection with his leave and application for leave, attendance records since June 1, 2020 to present, employment application, disciplinary action, notice of termination, probation or suspension within 3 years prior to March 27, 2021 to present, and correspondence (including emails) regarding Mr. Reid's leave and the union or HR regarding his return to work date.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA

| Patient Name<br>James Reid | Date of Birth | Medical Record Number<br>SSN: XXX-XX- |
|---|---|---|
| Patient Address<br>815 East 152nd Street, Apt. 11D, Bronx, NY 10455 | | |

I, or my authorized representative, request that health information regarding my care and treatment as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT,** except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol, or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

| 7. Name and address of health provider or entity to release this information:<br>City College of New York - 160 Convent Ave, New York, NY 10031 |
|---|
| 8. Name and address of person(s) or category of person to whom this information will be sent:<br>CORREIA, KING, MCGINNIS & LIFERIEDGE - 10 Bank Street, Suite 1200, White Plains, NY 10606 |

9(a). Specific information to be released:
- ■ Medical Record form (insert date) 3/27/2019 to (insert date) Present
- ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
- ■ Other: Employment Records

Include: (*Indicate by Initialing*)
| JR | Alcohol/Drug Treatment |
| JR | Mental Health Information |
| JR | HIV-Related Information |
| JR | Genetic Testing |

**Authorization to Discuss Health Information**
(b). ☐ By initialing here _____ I authorize _____
    Initials    Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm or Governmental Agency Name)

| 10. Reason for release of information: Litigation<br>☐ At request of individual<br>■ Other: | 11. Date or event on which this authorization will expire:<br>End of Litigation |
|---|---|
| 12. If not the patient, name of person signing form:<br>Ikhilov & Associates, by Erik Ikhilov | 13. Authority to sign on behalf of patient:<br>Power of Attorney |

All Items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____    Date: 12/22/2021
Signature of Patient or representative authorized by law.

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

# DURABLE POWER OF ATTORNEY TO EXECUTE A WRITTEN REQUEST FOR PATIENT INFORMATION UNDER SECTION 18 OF THE NEW YORK STATE PUBLIC HEALTH LAW

## THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE DECISIONS.

This is intended to constitute a DURABLE POWER OF ATTORNEY to execute a written request for patient information under Section 18 of the New York State Public Health Law:

I, James Reid, residing at: 615 E. 152nd Bronx NY 10455, do hereby appoint my attorney, Erik Ikhilov, Esq. of Ikhilov & Associates, 2357 Coney Island Ave, Brooklyn, New York 11223 as my attorneys-in-fact to execute a written request for patient information and medical records for myself, under section 18 of the New York State Public Health Law in my name, place and stead in any way which I myself could do, if I were personally present.

THIS DURABLE POWER OF ATTORNEY SHALL NOT BE AFFECTED BY MY SUBSEQUENT DISABILITY OR INCOMPETENCE.

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY, E-MAIL, OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND I FOR MYSELF AND FOR MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HEREBY AGREE TO INDEMNIFY AND HOLD HARMLESS ANY THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PROVISIONS OF THIS INSTRUMENT.

THIS DURABLE POWER OR ATTORNEY MAY BE REVOKED BY ME AT ANY TIME

In Witness Whereof I have hereunto signed my name on this 9th day of April, 2021.

STATE OF NEW YORK )
                  ) ss:
COUNTY OF KINGS   )

On this 9th day of April, 2021, before me, the undersigned, a Notary Public in and for said State, personally appeared James Reid personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument the individual or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC



**The City College of New York**

EXECUTIVE COUNSEL TO THE PRESIDENT

Wille Administration Bldg., Rm. 200
160 Convent Avenue
New York, NY 10031
tel.: 212.650.8276
www.ccny.cuny.edu

July 12, 2022

**BY EMAIL ONLY (JosefinaA.Belmonte@LibertyMutual.com)**

Josefina A. Belmonte, Esq.
Law Offices of Gilbert, McGinnis & Liferiedge
10 Bank Street, Suite 1200
White Plains, N.Y. 10606

    Re:    <u>James Reid v. Re-Steel Supply Company, Inc.
                 Civil Action No. 1:21-cv-06991 (S.D.N.Y.)</u>

Dear Ms. Belmonte:

    Your email dated March 9, 2022 and sent to the Office of Human Resources of The City College of New York ("City College") requesting employee records of James Reid was referred to me for response on July 6, 2022.  Please note that we redacted the employee's Social Security number in the enclosed release to protect his privacy.  Please be advised that City College does not provide employee records to third parties, except in response to a *subpoena duces tecum* that has been So Ordered by a judge of the court in which the action is pending, in accordance with Section 2307 of the New York Civil Practice Law and Rules.

                                      Sincerely,

                                      */s/ Paul F. Occhiogrosso*

                                      Paul F. Occhiogrosso
                                      Executive Counsel to the President

Enclosure

cc:    Kisha Shrouder, Executive Director of Human Resources
        (w/encl.)

PFO/kk

SO ORDERED.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

July 21, 2022

CUNY — The City University of New York